## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| TANYA L. OBERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-5027-CV-SW-FJG-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

This lawsuit involves two applications made under the Social Security Act. Plaintiff's first application sought disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, et seq. The second application sought supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. The applications were denied initially. Thereafter, plaintiff requested an administrative hearing. On September 17, 2003, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On January 13, 2004, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The standard for judicial review of an ALJ's denial of benefits is as follows:

> We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues that the ALJ committed reversible error in determining plaintiff's residual functional capacity under 20 C.F.R. §404.1545(a) and finding that plaintiff could return to her past relevant work. Plaintiff argued that the ALJ was required to make explicit findings as to the physical and mental demands of the claimant's past relevant work and compare that to what the claimant herself is capable of doing. Plaintiff notes that the ALJ also misquotes the Vocational Expert's testimony, specifically noting that the Vocational Expert never testified that the plaintiff could perform any of her past relevant work. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ did not conduct a proper residual functional capacity assessment.

Plaintiff asks that the Court reverse this decision or in the alternative reverse and remand for an application of the proper standard of law. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 10) and the decision of the

2

Commissioner is hereby **REVERSED AND REMANDED.**


Date: September 30, 2005                    **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                    Fernando J. Gaitan Jr.
                                                United States District Judge